21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rex RUSH, Plaintiff-Appellant,
v.
Beverly McLENDON and Darrell Tade, Defendants-Appellees.
 Nos. 92-6687, 93-5116.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: KENNEDY, GUY, Circuit Judges, and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Rex Rush appeals the District Court's order denying his motion for continuance and dismissing this civil rights action for failing to appear for trial (No. 92-6687). Plaintiff also appeals the District Court's order denying his motion to set aside the order of dismissal (No. 93-5116). On appeal, plaintiff argues that the District Court abused its discretion in denying plaintiff's motions. For the reasons stated below, we affirm in part and reverse in part.
 
 I.
 
 2
 On June 19, 1989, plaintiff filed suit under 42 U.S.C. Sec. 1983 alleging that defendants violated his civil rights. Plaintiff is a farmer domiciled in Monroe County, Kentucky. Defendant Beverly McClendon is the Sheriff of Monroe County and defendant Darrell Tade is a Deputy Sheriff of the County. The Complaint alleged that, on or about June 22, 1988, the defendants unlawfully assaulted and arrested plaintiff.
 
 
 3
 After a year and a half of discovery and other pre-trial proceedings, the court set an initial trial date for September 14, 1989. The trial date was rescheduled five times over the next year by the court and upon motion by the defendants and, on one occasion, by the plaintiff. The last of these orders, dated June 30, 1992, rescheduled the trial for November 10, 1992. After a pre-trial conference on October 7, 1992, the judge rescheduled the date of trial to November 12, 1992, at 8:30 a.m. at Bowling Green, Kentucky. Plaintiff fully complied with all pre-trial proceedings.
 
 
 4
 On the morning of November 12, 1992, plaintiff's counsel, Donald Taylor, appeared before the court at the scheduled time. He stated that he was not ready to proceed because his client, the plaintiff, had failed to appear for trial. Joint App. at 59. Defendants were present in court and stated that they were ready with witnesses. Taylor said that he had seen plaintiff the previous afternoon, November 11, at Taylor's office in Louisville, Kentucky. At that time, plaintiff's behavior was very peculiar. Taylor believed that plaintiff was suffering from some type of illness. Plaintiff was hacking, sniffling and flushed in the face. Plaintiff's face was distorted and his neck was thickened. He was incoherent, his movements were erratic, and "it's more than possible" that he was on alcohol or drugs. Joint App. at 60. Taylor said that he informed plaintiff of the necessity of appearing in court the following morning at the appointed time. Joint App. at 60, 64. Plaintiff had not indicated one way or the other whether he would appear for trial.
 
 
 5
 When the court asked Taylor why plaintiff was agitated, Taylor said that plaintiff was angry with him, complaining that he treated plaintiff like a dog and that plaintiff's time was important too. Plaintiff was insulting and assaultive toward Taylor. Taylor told plaintiff that Taylor was ready for trial except that plaintiff had failed to perform certain tasks necessary for his case such as gather certain witnesses. These witnesses lived in Monroe County and plaintiff had assured Taylor, ten days earlier, that he would bring them to trial in order to save the witness fee that would be incurred if the witnesses were subpoenaed.
 
 
 6
 After prefacing his remarks as "off the record," Taylor stated to the court that, due to plaintiff's actions the previous day, Taylor could not represent plaintiff anymore due to irreconcilable differences. Joint App. at 67. Plaintiff's appointment with Taylor the previous day had been set for 9:00 a.m. but plaintiff did not arrive until 3:00 p.m. Taylor learned through other sources that at about 10:00 a.m. that morning, plaintiff had been to a jail in Tompkinsville, Kentucky, to post bond for some people arrested on a drug offense. Defendant McClendon indicated that he knew this to be true. Plaintiff had lied to Taylor concerning his absence that morning. In addition, as indicated, plaintiff was insulting and menacing toward plaintiff. Taylor asked plaintiff to leave his office after ten or fifteen minutes and, on the way out, plaintiff knocked down several things. These statements were recorded by the court reporter and made in the presence of defendants and their counsel and considered by the District Court.
 
 
 7
 Taylor reiterated to the court that he had never seen plaintiff in such a hostile, incoherent state before and that he believed something was wrong with plaintiff. Taylor said he called plaintiff's doctor to inquire about plaintiff's condition. Joint App. at 70. His doctor wanted to see plaintiff because he thought something was wrong. After the episode at his office, Taylor called defendants to let them know that plaintiff might not appear for trial. Taylor also left a message with the court.
 
 
 8
 After explaining this situation to the court, Taylor made three oral motions. He moved for a continuance and, if granted, that the court require plaintiff to reimburse defendants for any costs incurred for any witnesses appearing in court on that day. Taylor also moved to withdraw as plaintiff's counsel. Defendants moved for involuntary dismissal with prejudice citing that plaintiff had not presented any proof, medical or otherwise, of a valid excuse for his absence.
 
 
 9
 The court noted that Taylor was prepared for trial and that he had diligently and professionally prosecuted the case on plaintiff's behalf. The court found, however, that plaintiff had failed to show a good faith and diligent effort to appear for trial, or any proof of a medical reason for his absence, and that therefore the motion for a continuance was denied. Without a continuance, Taylor was unable to proceed with plaintiff's case because plaintiff was a primary witness and because plaintiff was responsible for bringing other witnesses to testify on his behalf. The plaintiff having no evidence with which to proceed, the court granted defendants' motion and dismissed plaintiff's case with prejudice and costs. The court also granted Taylor's motion to withdraw as plaintiff's counsel provided that Taylor send a certified letter informing plaintiff of the disposition of his case and his right to appeal, and that he would need to obtain new counsel to do so.
 
 
 10
 On December 11, 1992, through new counsel, plaintiff filed a motion under Rule 60(b) to set aside the order of dismissal on the ground of mistake, inadvertence and surprise. Joint App. at 25. The plaintiff attached a supporting affidavit to the motion in which he stated that the reason he failed to appear at trial was not due to illness but rather because his counsel told him not to attend. Plaintiff alleged that his counsel was annoyed at plaintiff for failing to complete certain requests and that his counsel intended to withdraw as plaintiff's counsel and obtain a continuance. On December 22, the court denied plaintiff's 60(b) motion stating that plaintiff had failed to show any reason to reconsider the order of dismissal. The court stated that the trial date had been set and that there was no reason to have granted a continuance. The court also indicated that plaintiff's stated reason for failing to appear at trial was contrary to his counsel's statements in court on November 12. Plaintiff appeals both the dismissal and the denial of his 60(b) motion.
 
 II.
 
 11
 Plaintiff challenges the District Court's order denying his motion for continuance and dismissing his cause of action with prejudice. He argues that the court should have continued the case until the reason for his unexplained absence could be determined.
 
 
 12
 A trial court has authority to grant a motion for involuntary dismissal under Fed.R.Crim.P. 41(b) due to a plaintiff's failure to prosecute. Rule 41(b) provides:
 
 
 13
 Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 14
 Fed.R.Crim.P. 41(b). We review a district court's dismissal of an action for failure to prosecute under an abuse of discretion standard. Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). However, this Circuit holds that a dismissal of an action is an abuse of discretion except in situations where there is a clear record of delay or a showing of willfulness, bad faith or contumacious conduct by the plaintiff. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985); Carter, 636 F.2d at 161. "Absent this showing, ... the court is limited to lesser sanctions designed to achieve compliance." Buck v. U.S. Dept. of Agriculture, Farmers Home Admin., 960 F.2d 603, 608 (6th Cir.1992).
 
 
 15
 In this case, the court acknowledged the diligence with which plaintiff's counsel had proceeded with the case. Thus, there is no record of delay on plaintiff's part. The question is whether plaintiff's action in failing to appear was sufficiently culpable to warrant dismissal. The record before the court on the date the action was dismissed was that plaintiff was informed of his obligation to appear at trial and had not appeared or offered any reason for his non-appearance. On the day before trial, plaintiff was six hours late for his appointment with counsel; he lied about the reason for his late arrival; he had failed to fulfill requests by his counsel that were necessary for his case; and he was abusive toward his counsel. Although his counsel suggested that plaintiff was possibly ill, plaintiff had been observed in normal condition in Tompkinsville earlier that day and counsel thought he was more than possibly on drugs or alcohol at his office. No one appeared on plaintiff's behalf to state that he was ill. On these facts, the court's finding of bad faith was not clearly erroneous and the dismissal was not an abuse of discretion. See Cochran v. Birkel, 651 F.2d 1219, 1223 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982) (holding that a party's deliberate absence on the day of trial justifies dismissal).
 
 III.
 
 16
 Plaintiff next argues that the District Court erroneously denied his motion to set aside its order of dismissal. He argues that the court should have granted his motion based on his affidavit or, in the alternative, the court should have held a hearing to determine whether good cause existed for setting the previous order aside.
 
 
 17
 A district court may set aside a final judgment. Fed.R.Crim.P. 60(b). A district court's denial of a motion to set aside an order pursuant to Rule 60(b) will not be reversed absent an abuse of discretion. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993).
 
 
 18
 Plaintiff alleged in his affidavit in support of his motion that he did not appear for trial because he was told by his counsel not to appear. The District Court's order denying the motion stated that this claim conflicted with the statements made by his counsel on the day set for trial. The court apparently believed plaintiff's counsel's version of the events of the day before trial over plaintiff's account. In order to decide whether the court abused its discretion in making this determination, we must address two questions. The first is whether the plaintiff's allegations in his affidavit stated grounds that, if true, would require that the order of dismissal be set aside. If we answer this question affirmatively, then the question is whether the District Court abused its discretion by disbelieving plaintiff's affidavit without affording him a hearing.
 
 
 19
 As discussed in the previous section, this Circuit views a dismissal with prejudice as warranted only under unusual circumstances. On the record before the trial court on November 12, 1992, the court was justified in finding plaintiff's conduct contemptuous of the court. If, however, plaintiff's counsel told him not to appear, plaintiff's absence would not rise to a level sufficiently egregious to warrant dismissal.
 
 
 20
 If the plaintiff's affidavit were true, then the propriety of his counsel's conduct is called into question. His counsel would be guilty of telling his client to be absent from court when the court had ordered his client's presence, and of lying to the court about the reason for his client's absence. Such conduct is surely contumacious. The question then would be whether the trial court could properly dismiss a case under Rule 41(b) based on the contumacious conduct of the counsel of an innocent plaintiff. We recognize that the Supreme Court has upheld a district court's discretion to dismiss a plaintiff's case based on his attorney's conduct. Link v. Wabash R.R., 370 U.S. 626 (1962). There, the petitioner's claim was dismissed by the trial court based in part on his counsel's failure to appear at a pre-trial conference. In response to the argument that a lawyer's sins should not be visited upon his client, the Court stated:
 
 
 21
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.
 
 
 22
 370 U.S. at 633-34. Yet, "[d]espite the Supreme Court's unequivocal language, this court, like many others, has been extremely reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his day in court." Buck, 960 F.2d at 608. Accordingly, "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." Carter, 636 F.2d at 161. Thus, we have reversed a district court's order of dismissal for counsel's failure to comply with pre-trial discovery where his client was blameless. Id.; see also Bishop v. Cross, 790 F.2d 38, 38 (6th Cir.1986); Patterson, 760 F.2d at 688-89; accord Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir.1985). Similarly, in the present case, if the facts are as alleged in plaintiff's affidavit, then he would be blameless and entitled to have his day in court. Thus, in answer to our first question, plaintiff's Rule 60(b) motion did allege grounds for setting aside the order of dismissal.
 
 
 23
 The further question that arises is whether the District Court abused its discretion when it accepted plaintiff's counsel's account of what happened over plaintiff's affidavit without holding a hearing to resolve the matter. It is true that a movant is not entitled to a hearing on a Rule 60(b) motion as a matter of right. Buck, 960 F.2d at 609. This is especially true when it does not appear from the movant's affidavit that a hearing would aid in resolving any factual disputes. See id. In the present case, however, a determination of the reason for plaintiff's failure to appear at trial requires a credibility determination as between plaintiff and his former counsel. The court observed plaintiff's counsel in court but has not observed the plaintiff. A hearing at which plaintiff could testify in open court observed by the trial judge is the only way to adequately determine whether plaintiff's claim is credible. Permitting plaintiff this opportunity is especially important where, as here, there has been a break down in plaintiff's relationship with his attorney. We conclude, therefore, that the trial court abused its discretion in denying plaintiff a hearing after plaintiff alleged grounds for setting aside the order of dismissal.
 
 IV.
 
 24
 For the foregoing reasons, the District Court's order of dismissal is AFFIRMED, and the court's order denying plaintiff's Rule 60(b) motion without a hearing is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation