GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent on the grounds that the district court did not abuse its discretion by dismissing plaintiffs complaint. The history in the underlying case presents a clear record of plaintiffs counsel’s dilatory conduct, which I conclude is sufficient to affirm the district court’s involuntary dismissal.
We should reverse a district court’s order of dismissal only if we have a definite and firm conviction that the trial court committed a clear error of judgment. Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir.2006) (citation omitted). “A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based.” Id. (citation omitted).
Although we ordinarily require a district court to make specific findings of dilatory or contumacious conduct when dismissing a case for failure to prosecute, we have yet to mandate reversal absent those findings where the record itself demonstrates a pattern of chronic delay or impudent conduct. See Becton v. Boatmen’s Bank of Memphis, 859 F.2d 152, 152 (6th Cir.1988) (unpublished) (holding district court properly dismissed plaintiffs complaint despite not having made findings of fact regarding delay or contumacious conduct). Further, I respectfully disagree with the majority’s position that our abuse-of-discretion inquiry is limited to the specific findings articulated by the district court at the time of dismissal. Our review is not so limited. The district court’s failure to recite every example of plaintiffs counsel’s impudent conduct[4] should not compel this court, under these facts, to conclude that the trial court committed a clear error of law. Here, the litigation record, to wit, the docket entries alone, are replete with examples of plaintiffs counsel’s chronic delay. It is well-settled law that we “may affirm on any grounds supported by the record even if different from the reasons of the district court.” Dixon v. Clem, 492 F.3d 665, 673 (6th Cir.2007) (citing Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 629 (6th Cir.2002)).
As the majority properly notes, we apply a four-factor test, which I will refer to as the Mulbah[5] test, more stringently in *321 cases where the court’s rationale for dismissal is based solely on the plaintiffs attorney’s conduct, as it is here. Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir.1997).[6] In Harris v. Callwood, we acknowledged that “we [] frequently reverse [ ] district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.” 844 F.2d 1254, 1256 (6th Cir.1988). We also noted, however, that “in the absence of notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in ‘bad faith or contumacious conduct.’ ” Id. (emphasis added). As the Mulbah court itself stated, “a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff.” Mulbah, 261 F.3d at 591.
Thus, our past decisions suggest an inverse correlation between the degree of the offending party’s bad faith, willful delay, or contumacious conduct and the need for a district court to provide notice of its intent to dismiss a plaintiffs complaint. See Harris, 844 F.2d at 1256 (extracting principle that in the absence of notice, court should impose penalty short of dismissal unless party has engaged in bad faith or contumacious conduct); Bishop v. Cross, 790 F.2d 38 (6th Cir.1986) (reversing district court’s involuntary dismissal where plaintiffs’ attorney, but not plaintiffs themselves, was present for voir dire and counsel’s failure to notify plaintiffs was inadvertent); Rush v. McLendon, 21 F.3d 428, 428 (6th Cir.1994) (affirming dismissal of plaintiffs complaint where plaintiff failed to appear at the first day of trial with no explanation, but reversing district court’s denial of motion for reconsideration where trial court did not properly consider plaintiffs explanation).
Here, the record supports the district court’s involuntary dismissal without prior notice of its intent to dismiss because of the frequency and degree of plaintiffs counsel’s bad faith, as evidenced by counsel’s dilatory tactics and failure to properly substantiate any one of plaintiffs civil rights claims. Federal Rule of Civil Procedure 16(f) permits involuntary dismissal under Federal Rule of Civil Procedure 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference. See Fed.R.CivP. 16(f)(1)(A). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with court orders. The record provides ample evidence of plaintiffs counsel’s violation of these rules.
For example, plaintiff did not serve defendants with interrogatories or requests for production, waited two-and-a-half months to answer defendants’ interrogatories, requested a one-month extension, and then failed to comply with the agreed-to deadline. Defendants scheduled an independent medical exam for plaintiff on two occasions, and plaintiff failed to attend either appointment, costing defendants ap *322 proximately $400 in medical fees. In addition, plaintiff paid case evaluation fees two months late, paid only when the court set a final deadline, and waited until the day of the deadline to pay the fee. Plaintiffs counsel also failed to cooperate with defendants when compiling the Fed.R.Civ.P. 16(f) report and failed to file Fed.R.Civ.P. 26(a)(1) disclosures, despite a court order requiring him to do so. Plaintiffs counsel was also several months late in providing voluntary disclosure documents. Most egregious was plaintiffs counsel’s failure to depose a single witness in this case, including the police officer whom plaintiff accused of using excessive force — the only remaining claim at the time of dismissal. On the date defense counsel moved the court to dismiss plaintiffs complaint, plaintiffs counsel had not filed the required pretrial order and did not appear for the pretrial conference.[7] Plaintiffs counsel’s actions, at a minimum, demonstrate “a reckless disregard for the effect of his conduct” on the underlying judicial proceedings. See Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir.2005). Such a finding is sufficient to satisfy the first and third Mulbah prongs. See Mulbah, 261 F.3d at 592.
With respect to the second Mulbah factor, prejudice to the defendant, we have held that a party is prejudiced by a plaintiffs conduct where the defendant “wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.” Schafer v. City of Defiance Police Dep’t, 529 F.3d 731, 737 (6th Cir.2008) (citations omitted). Here, plaintiffs counsel’s record of chronic delay and failures to appear, at both the scheduled medical appointments, as well as at the pretrial conference, is sufficient to satisfy the prejudice prong. See id.
The last Mulbah factor, which asks whether the district court could have imposed a less drastic sanction, is also satisfied. Here, although the trial court elected not to impose a lesser sanction, we “have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiffs counsel’s neglect.” Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir.1997) (citations omitted). “[I]ndeed, any such rule would conflict with Link and ... Federal Rule of Civil Procedure 37(b)(2). We are loathe to require the district court to incant a litany of the available lesser sanctions .... we [should] not assume that lesser sanctions were not considered simply because their consideration is not articulated.” Harmon, 110 F.3d at 368 (internal citation and quotations omitted).
Thus, in light of the record and history of this case, I respectfully disagree that the facts upon which the exercise of the trial court’s discretionary judgment was based demonstrate that the district court abused its discretion by dismissing plaintiffs complaint. See Patel, 445 F.3d at 906.
For these reasons, I respectfully dissent. I would affirm the order of the district court.

. The record reveals that the district court granted defendant's motion for dismissal from the bench and drafted the dismissal order while waiting for plaintiff's counsel to appear at the pretrial hearing.

. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir.2001). We have recently referred to this four-factor test, first articulated in Regional Refuse Sys. Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988) (superseded in part by Fed.R.Civ.P. 37(c)(1)), as the Mulbah test, or the prongs as Mulbah factors, in a recent unpublished decision. Muncy v. G. C.R., Inc., 110 Fed.Appx. 552, 556 n. 4 (6th Cir.2004) (unpublished).

. This is not to suggest that plaintiff is completely without fault when his attorney engages in conduct that merits dismissal. As the Supreme Court of the United States stated in Link v. Wabash Railroad Company:
[t]here is certainly no merit to the contention that dismissal of [plaintiff’s] claim because of his counsel’s unexcused conduct imposes an unjust penalty on the client. [Plaintiff] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.
370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

. Defendants also proffer, and plaintiff does not deny, that the trial court, at the time of dismissal, was familiar with plaintiff's counsel’s reputation for strategic delay.