CURTIS v. CURTIS.

1. INFANTS—APPOINTMENT OF GUARDIAN AD LITEM NUNC PRO TUNC A NULLITY.

Where decree of divorce was obtained against minor wife without appointment of guardian *ad litem* as required by 3 Comp. Laws 1915, § 12381, order thereafter made appointing guardian *ad litem, nunc pro tunc,* is nullity, since it served no purpose; *nunc pro tunc* order being permissible only to perfect record of judicial action taken, and not to supply judicial action omitted.

2. SAME—STATUTE REQUIRING APPOINTMENT OF GUARDIAN AD LITEM PROCEDURAL ONLY—DECREE VOIDABLE.

In divorce suit against minor wife, failure of court, not informed of defendant's age, to appoint guardian *ad litem* for her as required by 3 Comp. Laws 1915, § 12381, did not oust court of jurisdiction, because statute is procedural only, but it did render decree voidable if questioned in direct proceeding.

3. JUDGMENT—VACATION OF VOIDABLE DECREE DISCRETIONARY.

When a decree is voidable for error in procedure, it is matter of judicial discretion whether it shall be vacated.

4. EQUITY—INFANTS—LACHES—DISCRETION OF COURT.

While an infant may not be held guilty of laches, yet inexcusable delay has bearing on judicial discretion.

5. INFANTS—VACATING VOIDABLE DECREE—ABUSE OF DISCRETION.

Where minor wife, aware of decree of divorce against her awarding custody of child to husband who has married again, did not take prompt action to have decree set aside, there was no abuse of discretion in refusal of court to vacate decree for want of appointment of guardian *ad litem* as required by 3 Comp. Laws 1915, § 12381.

6. DIVORCE—VACATING DECREE—FRAUD—PROOFS.

On wife's petition to vacate decree of divorce against her on ground of fraud, question of whether husband cohabited with her after filing bill for divorce and assured her that suit had been abandoned cannot be decided on petition and answer, but commands taking of proofs.

7. Same—Decree Obtained by Fraud May be Vacated.
    If, after filing bill for divorce, husband resumed marital rela-
    tions with wife and assured her that suit had been abandoned
    when he had no such intention, by proceeding to decree without
    informing court of resumption of marital relations he per-
    petrated fraud on wife, and court has authority to vacate
    decree, notwithstanding he has remarried.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted January 22, 1930. (Docket No. 86, Calendar
No. 34,706.)  Decided March 7, 1930.

Divorce proceedings by Willet Curtis against
Marion Curtis. Petition by defendant by her guard-
ian *ad litem* to vacate decree for plaintiff on grounds
of fraud was denied. Defendant appeals. Re-
versed, and remanded.

*Joseph R. Gillard,* for plaintiff.

*Dunham & Cholette* (*L. Frank McKnight,* of coun-
sel), for defendant.

Wiest, C. J. Defendant in this case petitioned the
Kent circuit court, in chancery, to vacate the decree
of divorce granted plaintiff, January 26, 1928, on
the grounds that she then was, and is now, a minor,
and entered no appearance; that no guardian *ad
litem* was appointed, and plaintiff, after filing the
bill, cohabited with her and assured her that the suit
for divorce had been abandoned. Plaintiff an-
swered the petition, denied the alleged cohabitation
and assurance, set up his subsequent marriage, and
asked the court to appoint a guardian *ad litem, nunc
pro tunc,* as of the time of filing the bill, although ex-
pressing the belief that defendant was not then a
minor. The court denied the petition to vacate the
decree, and appointed a guardian *ad litem,* as re-
quested by plaintiff. Petitioner appealed.

No testimony was taken upon this application, and, therefore, in considering the appeal, we take as true the averments of petitioner's age. The order appointing the guardian *ad litem,* after decree, was a nullity. The appointment served no purpose, and besides could not be entered *nunc pro tunc.*

In *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455, we pointed out the office of a *nunc pro tunc* order, and stated that it is permitted to perfect a record of judicial action taken, and not to supply some judicial action omitted.

The parties were married June 15, 1925, and a child was born July 28, 1926. The bill for divorce was filed October 6, 1927, and the decree granted January 26, 1928. The petition to vacate the decree was filed September 7, 1929.

The statute, 3 Comp. Laws 1915, § 12381, provides that, after service of process upon an infant defendant, the suit shall not be further prosecuted until a guardian *ad litem* is appointed. The court had jurisdiction of the subject-matter and of the parties. Defendant, though an infant, was before the court by summons, duly served upon her. The court was not informed of the fact of defendant's age. It was the duty of plaintiff to have informed the court of the fact and to not proceed without the appointment of a guardian *ad litem.* Failure to do so, however, did not oust the court of jurisdiction, for the statute mentioned is procedural only, but did render the decree voidable if questioned in a direct proceeding such as this. When a decree is voidable for error in procedure, it is a matter of judicial discretion whether it shall be vacated. Petitioner's delay in bringing the matter to the attention of the court is not wholly excused by her infancy. While an infant may not be held guilty of laches, yet inexcusable delay has a bearing upon judicial discretion. That

the failure to appoint a guardian *ad litem* does not render the decree void is well settled.

In *Schimpf* v. *Wayne Circuit Judge*, 129 Mich. 103, it was held (syllabus):

"A judgment against an infant is not void because no guardian *ad litem* was appointed to represent him, but is voidable merely."

In *Manfull* v. *Graham*, 55 Neb. 645 (76 N. W. 19, 70 Am. St. Rep. 412), it was stated:

"Where infants are regularly summoned, the failure to appoint a guardian *ad litem* is an error only and does not render void the judgment entered."

In *Linn* v. *Collins*, 77 W. Va. 592 (87 S. E. 934, 936, Ann. Cas. 1918C, 86), it was stated:

"The court had jurisdiction of the subject-matter and of all the parties to that suit; the infant defendant was before it by process duly served on him. The bill did not aver his majority, and there was nothing in the record bringing it to the court's attention. * * * That it is reversible error to proceed against an infant without the appointment of, and answer by a guardian *ad litem* for him, is also settled law. * * * But this court has never decided that an infant may not be brought before the court by process, and, being thus in court, that the failure to appoint a guardian *ad litem* for him is error affecting jurisdiction and rendering void the court's judgment or decree against such infant. Jurisdiction of the person of an infant can be obtained as well by due service of process, as by the appointment of a guardian *ad litem*. Such was the common-law method of obtaining jurisdiction of infants, as well as of adults. 22 Cyc. p. 673. Having thus obtained jurisdiction in this case, if the court's attention had been called to the fact of infancy, it would have been its duty to appoint a guardian *ad litem*.

The failure to appoint such guardian was reversible error, but not such as showed want of jurisdiction in the court. It was error in procedure only."

Since the decree plaintiff has remarried. This, however, does not prevent action by the court. In the decree plaintiff was awarded custody of the child. Petitioner was aware of the decree and the disposition made of the child, and the instincts of a mother, it would seem, should have led her promptly to take the action she now prosecutes. We find no abuse of discretion in refusing to vacate the decree for want of appointment of a guardian *ad litem.*

The question of whether there was cohabitation between the parties after the filing of the bill cannot be decided upon the petition and answer, but commands the taking of proofs.

If, after filing the bill for divorce, plaintiff resumed marital relations with defendant and assured her that the suit was abandoned when he had no such intention, he perpetrated a fraud upon defendant, and, by proceeding to decree thereafter and concealing from the court the fact of such resumption of marital rights, such fraud, being extrinsic, will authorize the court to vacate the decree. See *McGuinness* v. *Superior Court,* 196 Cal. 222 (237 Pac. 42, 40 A. L. R. 1110).

The order denying the petition to vacate the decree is set aside, and the proceeding remanded to the circuit court to take proofs upon and adjudicate the issue of fraud.

Petitioner will recover costs of this court.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. MCDONALD, J., did not sit.