HOME LIFE INS. CO. *v.* COHEN.

1. JUDGMENT—IRREGULARITIES OF PROCEDURE—VOIDABLE DECREES.
   If an irregularity arises from failure to comply with rules of procedure, a court has the power to vacate its voidable decree but whether or not such a decree will be vacated depends upon the equities of the particular case.

2. APPEAL AND ERROR—VACATION OF DECREE—GUARDIAN AD LITEM—DISCRETION OF COURT.
   Refusal of trial court to vacate a decree entered against party for whom a guardian *ad litem* should have been, but was not, appointed, will not be disturbed in the absence of an abuse of discretion.

3. MORTGAGES—DECREE OF FORECLOSURE—GUARDIAN AD LITEM—DISCRETION OF COURT.
   Refusal of trial court to set aside default of defendant and decree of foreclosure of mortgage and sale had thereunder because defendant had been adjudicated an incompetent person at time of service of process and no guardian *ad litem* was appointed *held*, not an abuse of discretion where, after suit to foreclose was instituted, possession had been withheld for several years, mortgagee had paid such taxes as were paid and indebtedness on $8,125 of principal had accumulated to $10,090.20 for principal, interest and taxes at time of hearing, nothing had been paid thereon since, although defendant has made strenuous efforts in the trial court and Supreme Court to have decree set aside and no showing made that defendant has or claims to have a meritorious defense.

Appeal from Wayne; Webster (Arthur), J. Submitted October 9, 1936. (Docket No. 70, Calendar No. 38,816.) Decided December 9, 1936.

Bill by Home Life Insurance Company, a New York corporation, against Teressa Cohen and another to foreclose a mortgage. Defendant reviews decree for plaintiff by delayed appeal. Appeal dismissed.

*Dudley E. Whiting,* for plaintiff.

*Maurice D. Smilay,* for defendant.

North, C. J.   In this mortgage foreclosure case, after default of defendant for nonappearance and after decree and foreclosure sale, the trial judge heard and denied a motion to set aside the decree and the default of the defendant mortgagor.   After the denial of this motion a delayed appeal brings the case to this court for review.

At the time service of process was made on the defendant mortgagor she had been adjudicated an incompetent and was an inmate of a State institution.   The motion to vacate the decree and order of default was made by defendant's guardian.   On a former appeal involving the same subject matter of litigation it was held in the majority opinion that the decree entered following such service and without the appointment of a guardian *ad litem* was not void, but only voidable.   See *Cohen* v. *Home Life Ins. Co.,* 273 Mich. 469.

The controlling question on this appeal is embodied in one of appellant's reasons assigned in support of the appeal, which reason in substance states that the trial court erred in denying defendant's motion to set aside the default, the decree and the sale based thereon, and in denying appointment of a guardian *ad litem* for the defendant, and also in denying a rehearing.   If the irregularity, as here, arises from failure to comply with rules of procedure, a court has the power to vacate its voidable decree.   *Curtis* v. *Curtis,* 250 Mich. 105.   Whether it will vacate such a decree depends upon the equities of the particular case; and in a case wherein a guardian *ad litem* should have been appointed, the

refusal by the trial court to vacate a decree entered without such appointment will not be reversed in the absence of an abuse of discretion.

"It was the duty of plaintiff to have informed the court of the fact (infancy of defendant) and to not proceed without the appointment of a guardian *ad litem.* Failure to do so, however, did not oust the court of jurisdiction, for the statute mentioned (3 Comp. Laws 1929, § 14038) is procedural only, but did render the decree voidable if questioned in a direct proceeding such as this (a petition to vacate the decree). When a decree is voidable for error in procedure, it is a matter of judicial discretion whether it shall be vacated." *Curtis* v. *Curtis, supra.*

"This court will not review the action of circuit courts in determining applications to set aside defaults and orders *pro confesso,* unless there has been a clear abuse of discretion." *Mills* v. *McLeod,* 94 Mich. 627.

See, also, *Voorhies* v. *Frisbie,* 25 Mich. 476 (12 Am. Rep. 291).

The decisive question on this appeal is this: In view of the equities disclosed by the record did the circuit judge abuse his discretion in denying defendant's motion to vacate the foreclosure sale and in refusing to set aside the decree and defendant's default for nonappearance?

As noted above this is a foreclosure suit. It was instituted July 5, 1933. The original file before us discloses that during the following months repeated efforts to secure service of process on Mrs. Cohen were unavailing. Finally a *pluries* summons was personally served February 27, 1934. Hearing, decree, sale and confirmation of sale followed. Confirmation was on July 16, 1934. The motion to va-

cate the sale and to set aside the decree and defendant's default, made August 28, 1934, was denied October 9, 1934. Thereafter defendant sought to avoid the foreclosure decree by collateral attack. In this she failed. *Cohen* v. *Home Life Ins. Co., supra.* Evidently the mortgagor or those representing her continued in possession of the mortgaged property because plaintiff applied for a writ of assistance January 9, 1935. Notwithstanding this effort to obtain possession, it appears from appellee's brief, and without denial, that the purchaser at the mortgage sale is still deprived of the possession and income of the property. The undenied allegation of the bill is that the taxes for the years 1931 and 1932 were not paid; and at the time of taking the testimony the mortgagee had paid taxes in the amount of $896.66. On August 3, 1931, the unpaid principal of the mortgage debt was $8,125; but at the time the case was heard (May 4, 1934) the amount due for principal, interest and taxes totaled $10,090.20. Notwithstanding defendant has been before both the trial court and this court in her subsequent efforts to have the foreclosure decree set aside, at no time has a showing been made that anything has been paid or tendered on principal, interest or taxes since the decree was entered in May of 1934. Nor has there at any time been a showing in behalf of the defendant that she possesses or claims to possess any meritorious defense, or that there is any prospect of redeeming the mortgaged property. In other words the equities disclosed by the record are all in favor of plaintiff.

In seeking relief defendant relies wholly on the procedural irregularity arising from her default having been entered without the appointment of a guardian *ad litem.* On such a record it must be held

that there is no showing of an abuse of discretion on the part of the trial judge in denying defendant's motion to vacate the foreclosure sale and to set aside the decree and defendant's default. It follows that the ruling of the trial court should be affirmed and defendant's appeal dismissed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.