## HOEKSTRA *v.* BYKER.

1. INFANTS—GUARDIAN AD LITEM—APPOINTMENT.

   The requirement that a guardian *ad litem* be appointed for a minor involved in an action at law is procedural (CL 1948, § 612.30).

2. SAME—JUDGMENT—GUARDIAN AD LITEM.

   A judgment against a defendant minor is voidable where no guardian *ad litem* had been appointed for him (CL 1948, § 612.30).

3. NEW TRIAL—INFANTS—DISCRETION OF COURT.

   The granting or denial of defendant's motion for a new trial on the ground that defendant was a minor is within the discretion of the court.

4. SAME—ABUSE OF DISCRETION.

   The denial of a motion for a new trial will not be disturbed in the absence of an abuse of discretion.

5. SAME—INFANTS—GUARDIAN AD LITEM.

   There was no abuse of discretion in the denial of defendant's motion for a new trial in action arising out of automobile accident because defendant was a minor when the declaration was served upon him, where such fact was known to defendant's attorney and no guardian *ad litem* was appointed.

6. APPEAL AND ERROR—JURISDICTION—LEAVE TO APPEAL.

   Objection in appellee's brief that Supreme Court had no jurisdiction of appeal from judgment against defendant because it was not an appeal as of right and no leave to appeal had been granted came too late, where no motion to dismiss the appeal had been granted (Court Rule No 60 [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Infants, § 120.
[2] 27 Am Jur, Infants, § 121.
[3–5] 3 Am Jur, Appeal and Error, § 981.
[6] 3 Am Jur, Appeal and Error, §§ 440, 744.

Appeal from Kent; Souter (Dale), J. Submitted October 13, 1950. (Docket No. 87, Calendar No. 44,942.) Decided January 8, 1951.

Case by Kathryn Hoekstra by her next friend against Albertus Byker for damages suffered in automobile accident. Verdict and judgment for plaintiff. Motion to set aside verdict and judgment denied. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Earl Waring Dunn,* for defendant.

BOYLES, J. Plaintiff had verdict by jury followed by entry of judgment against the defendant for damages resulting from his negligence in the operation of a motor vehicle. Thereafter the defendant filed a motion to set aside the verdict and judgment and for a new trial on the grounds that (1) the verdict was against the great weight of the evidence, (2) that the verdict was excessive, and (3) that the defendant was a minor at the time process was served and also at the time of the trial, and that no guardian *ad litem* had been appointed for him (CL 1948, § 612.30 [Stat Ann § 27.682]). The motion was denied and the defendant appeals.

The only ground on which the appellant now seeks reversal is the third ground, *supra.* When the declaration was served on the defendant he was in his 21st year—20½ years of age. He filed an answer by his present attorney without raising an affirmative defense. No motion was made to quash the service or dismiss the suit. The case was tried by jury by his present counsel without disclosing the fact or raising the question of the defendant's minority, although counsel admits having knowledge of the fact

at that time. The defendant himself participated in the trial and testified.

The requirement for the appointment of a guardian *ad litem* is procedural. In the absence of the appointment of a guardian *ad litem* for the defendant, the judgment was merely voidable. *Curtis* v. *Curtis*, 250 Mich 105; *Home Life Ins. Co.* v. *Cohen,* 278 Mich 169.

The granting or denial of the motion for a new trial on the ground under consideration was within the sound discretion of the court. The denial will not be disturbed in the absence of an abuse of discretion. *Home Life Ins. Co.* v. *Cohen, supra; First State Bank of Decatur* v. *Solomon,* 271 Mich 94. There was no abuse of discretion in the instant case in denying the motion on the ground now relied upon for reversal.

Appellee argues that this Court does not have jurisdiction of the appeal, claiming that it is not an appeal as of right and no leave to appeal has been granted. Court Rule No 60 (1945). But the appeal is from a judgment, as well as the denial of a motion for a new trial. Appellee did not make a motion in this Court to dismiss the appeal on the ground that no leave had been granted, and in the absence of such motion the objection comes too late when first raised in the appellee's brief. *Toledo Pipe Organ Co.* v. *Paradise Theatre Co.,* 318 Mich 342; *Steggles* v. *National Discount Corporation,* 326 Mich 44.

Affirmed, with costs.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.