*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

DAYS INNS WORLDWIDE, INC.,

                *Plaintiff-Appellee,*

    *v.*

BHARAT PATEL,

              *Defendant-Appellant,*

ALIBABA CHARCHOR, INC. and MUKESH PATEL,

              *Defendants.*

No. 05-3010

>

————————

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 03-00694—Peter C. Economus, District Judge.

Argued: January 27, 2006

Decided and Filed: April 26, 2006

Before: KENNEDY, COOK, and GRIFFIN, Circuit Judges.

————————

## COUNSEL

————————

**ARGUED:** Jeremy Gilman, BENESCH, FRIEDLANDER, COPLAN & ARONOFF, Cleveland, Ohio, for Appellant. Rose Marie Fiore, HAHN, LOESER & PARKS, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jeremy Gilman, BENESCH, FRIEDLANDER, COPLAN & ARONOFF, Cleveland, Ohio, for Appellant. Rose Marie Fiore, Steven A. Goldfarb, HAHN, LOESER & PARKS, Cleveland, Ohio, for Appellee.

————————

## OPINION

————————

GRIFFIN, Circuit Judge.

Defendant-appellant Bharat Patel ("appellant") appeals an order of the district court denying his motion for relief from judgment on the basis that the motion was not filed within a "reasonable time" as required by FED. R. CIV. P. 60(b)(4). We affirm and hold that because appellant waited over eleven months after the district court acquired jurisdiction over him to file his motion for relief from judgment, the district court did not abuse its discretion in ruling that the motion was not filed within a reasonable time.

1

I.

Alibaba Charcor, Inc. ("Alibaba") owned and operated a 122-room hotel in Youngstown, Ohio. It entered into a franchise agreement with plaintiff-appellee Days Inns Worldwide, Inc. ("Days Inns"). Appellant and his brother (Mukesh Patel) each own 33 1/3 percent of the stock in Alibaba. The other third of the stock is owned by one Chafelle Patel (who is no relation to the two brothers, according to appellant). Mukesh Patel and appellant guaranteed the licensee's (Alibaba's) performance of the franchise agreement.

Days Inns terminated the agreement effective December 4, 2002, but Alibaba continued to operate the hotel as a "Days Inn." In April 2003, Days Inns filed a complaint in the United States District Court for the Northern District of Ohio asserting breach-of-contract and Lanham Act claims against all three defendants.[1] Days Inns sought an accounting, actual damages or liquidated damages under § 12.1 of the agreement, treble damages, interest, and attorney fees and costs.

On May 5, 2003, the district court issued an order scheduling a case management conference ("CMC") for June 13, 2003. Days Inns filed a Report of the Parties' Planning Meeting, but neither appellant nor the other defendants did so. The CMC was held as scheduled – the judge waited an extra fifteen minutes before starting – but only Days Inns' representative and its counsel were present.

Five days after the CMC, on June 18, 2003, Days Inns moved for default judgment against all three defendants. Days Inns supported its default-judgment motion with an affidavit stating that "[o]n April 15, 2003, [Days Inns] caused to be served copies of the Summons, Verified Complaint and Motion for [TRO] and [PI] via Federal Express mail upon Defendants . . . ." The district court scheduled a hearing on Days Inns' default-judgment motion for July 18, 2003, but none of the defendants appeared or responded to the motion. On July 23, 2003, the district court ordered the entry of judgment holding all three defendants jointly and severally liable for $120,000 in liquidated damages, plus interest, as well as over $15,000 in attorney fees and costs.[2]

About three weeks after the order of entry of default judgment, on August 13, 2003, Days Inns' counsel filed a supplemental affidavit acknowledging that it failed to serve appellant with the complaint and summons at his actual home address (Florida) until July 21, 2003.[3] Over four months

---

[1]Days Inns simultaneously filed an application for a temporary restraining order ("TRO") and preliminary injunction ("PI"). On April 17, 2003, the district court issued a TRO. *See* FED. R. CIV. P. 65(b). On April 24, 2003, the district court entered a stipulated PI by consent of Days Inns and Alibaba. *See* FED. R. CIV. P. 65(a). The PI order did not provide a space for appellant to sign, and he did not sign; it appears that Mukesh Patel signed on behalf of Alibaba.

[2]While the parties have treated the district court's order for judgment as a judgment, it does not comply with Rule 58 of the FED. R. CIV. P. that requires a judgment be entered as a separate document. Before 2002, appellant might have been able to file a motion to set aside the default. Rule 58 now provides, however, that where there is no separate judgment, the judgment will be considered entered 150 days after the order.

[3]Days Inns alleges that appellant had actual notice of the suit before he was properly served:

[I]n May 2003, attorney David G. Ross . . . contacted counsel for DIW and indicated that he represented Alibaba and M. Patel . . . and indicated that he also expected to represent [appellant] B. Patel. Ross never entered an appearance on behalf of any of the defendants, and on June 3, 2003, he notified counsel for DIW that he no longer represented them. Nevertheless, Ross "forwarded the Case Management Conference Scheduling Order" to the defendants – including B. Patel – and informed them that their responsive pleadings are due on or before June 26, 2003.

Days Inns further states that "B. Patel does not deny actual notice of a lawsuit. Indeed . . . B. Patel contacted Ross for

earlier, Days Inns had mailed the complaint and summons to an address in Ohio where appellant had not lived for several years. Thus, even by Days Inns' account, appellant was not served until several days *after* the default hearing, just two days before the district court ordered the entry of default judgment.[4]

The Federal Rules of Civil Procedure afford a defendant twenty calendar days from service of process to answer or otherwise respond to a complaint. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003) (citing FED. R. CIV. P. 12(a)(1)(A)). Appellant was not properly served with the complaint until July 21, 2003, and the court entered default judgment two days later, so he was denied the twenty days the Rules allowed for him to respond to the complaint.

Furthermore, under the district court's local rules, unless otherwise ordered, appellant had thirty calendar days from the date of service to respond to a potentially dispositive motion. N.D. OHIO L. CIV. R. 7.1(d); *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (a motion for default judgment is a dispositive motion).

The district court did not make any findings as to when appellant was properly served with the complaint or the motion for default judgment (filed June 18, 2003). Days Inns' certificate of service for its default-judgment motion states that it mailed the motion to appellant's Ohio address – which was presumably not effective, as appellant undisputedly sold the Ohio residence and moved to Florida well before that date.

At oral argument, Days Inns stated, and counsel for appellant did not dispute, that its default-judgment motion was included in the packet received at appellant's current Florida address on July 21, 2003. Thus, like the complaint and summons, it appears that appellant received the default-judgment motion on that date – over a month after Days Inns moved for default judgment, and just two days before the entry of judgment. Thus, appellant was not afforded the requisite amount of time to respond to either the complaint or the default-judgment motion.

In July 2004, appellant moved for relief from the default judgment under FED. R. CIV. P. 60(b)(4). Appellant contended that because Days Inns never effected proper service on him, the judgment was void as to him for lack of personal jurisdiction, and it would violate due process to subject him to the judgment.

Nevertheless, appellant did not file his 60(b) motion until July 2, 2004, over eleven months after the judgment (and, as discussed below, over eleven months after the district court acquired personal jurisdiction over appellant). Rule 60(b) plainly states that a motion seeking relief from a final judgment must be filed "within a reasonable time." FED. R. CIV. P. 60(b). Applying this

---

legal representation; Ross notified him of an answer date in June 2003 . . . ." Ross, however, never represented appellant. Ross only indicated that he "expected that this firm will soon be representing Bharat Patel." In a later letter, Ross indicated that: "This is to inform you that this firm no longer represents Alibaba Charchor, Inc. or Mukesh Patel and will not be representing Bharat Patel with regard to the above-captioned matter. We have forwarded the Case Management Conference Scheduling order to those parties." The letter does not specify what is meant by "those parties." As Bharat Patel was never represented by Ross, it is at least questionable whether Ross ever forwarded documents to appellant in this case. We need not decide whether appellant received actual notice of the suit from Ross, however, nor do we need to decide whether such notice could justify the exercise of jurisdiction over appellant. As discussed below, appellant was first properly served with the complaint and the default-judgment motion at his Florida home on July 21, 2003, and the district court could properly exercise specific jurisdiction over appellant from that date forward.

[4] Days Inns also refers to Ross negotiating an extension of appellant's time to answer the complaint, conditioned on him retaining Ross. But Ross never represented appellant, so Ross could not negotiate on his behalf. *See In re Marra*, 179 B.R. 782, 788 (M.D. Pa. 1995).

requirement, the district court ruled that appellant did not move within a reasonable time, and so it denied his motion.

Appellant timely appealed. Appellant contends that the judgment was void ab initio and therefore cannot become valid through the passage of time; the district court, he contends, was obligated to vacate its judgment against him whenever it realized that the judgment was void. As such, appellant argues that the reasonable-time requirement violates his due process right to be free of a judgment entered when (1) the district court lacked personal jurisdiction over him, and (2) he had not been afforded the allotted time to respond to the complaint and the default-judgment motion.

## II.

The validity of a court order depends on the court having jurisdiction over the subject matter and the parties. *Ins. Corp. of Ireland, Ltd. v. Compagnie de Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("*Bauxites*"). Without personal jurisdiction "the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 573, 584 (1999). Personal jurisdiction must be analyzed and established over each defendant independently. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

"[P]ersonal jurisdiction analysis focuses on the 'fairness' of forcing a defendant to defend an action in a given forum, whereas the subject matter jurisdiction inquiry in a diversity case centers on whether a particular court is competent to hear a controversy." *Schwartz v. Electronic Data Sys., Inc.*, 913 F.2d 279, 294 n.9 (6th Cir. 1990). This distinction can have important consequences.

For instance, "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Moreover, the parties cannot confer subject-matter jurisdiction where it does not otherwise exist. *Sweeton v. Brown*, 27 F.3d 1162, 1168-69 (6th Cir. 1994) (citing *Bauxites*, 456 U.S. at 702).

Significantly, appellant has never argued, either in his appellate briefs or at oral argument, that he lacked sufficient minimum contacts with Ohio when Days Inns filed the complaint or when the district court ordered the entry of judgment. Indeed, appellant could not successfully make that argument. As a nonresident defendant, appellant's amenability to the court's jurisdiction depends on whether he conducted himself so that he could "reasonably anticipate being haled into court" in Ohio. *Neal v. Janssen*, 270 F.3d 328, 331 (6th Cir. 2001) (quoting *World-Wide VW Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This requirement is met if he "purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities . . . ." *Neal*, 270 F.3d at 331 (quoting *Burger King*, 471 U.S. at 472).[5]

Rather, appellant, in his brief, challenges the service on the ground that the summons and notice of default where mailed by the attorney rather than by the clerk of the court, a procedural

---

[5]The exercise of personal jurisdiction over appellant is clearly authorized by the Ohio long-arm statute, which provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; . . . . [or] (8) Having an interest in, using, or possessing real property in this state." OHIO REV. CODE § 2307.382(A). The Ohio Supreme Court interprets the transacting-business clause as meaning "to carry on business" and "to have dealings," and as being broader than the word "contract." *Special Aviation Sys., Inc. v. Aircraft Structures Int'l Corp.*, 323 F. Supp. 2d 839, 843 (N.D. Ohio 2004) (citing *Goldstein*, 638 N.E.2d at 544-45).

It is undisputed that the franchise agreement dealt with property in Ohio and was to be performed solely in Ohio. Appellant, as a major shareholder, guaranteed its performance. In guaranteeing Alibaba's compliance with the contract and agreeing to pay if it did not, appellant performed a purposeful act, which he should expect would subject him to the jurisdiction of the courts in Ohio.

requirement of Ohio's statute, and although the local rule of the United States District Court provides that its clerk will mail summons and complaints within the district, there is no rule that authorizes the District Court Clerk to mail summons and complaints outside the district. In such cases, where the summons is actually received, as it was here, we believe that there was substantial compliance with the Ohio statute. Furthermore, at oral argument, appellant conceded that he had received proper service as of July 21, 2003. We rely on that concession as a sufficient indication of appellant's acceptance of proper service in this case so as to confer personal jurisdiction on the district court.

Finally, unlike subject-matter jurisdiction, which is both an Article III and a statutory requirement, the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest. "The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. 'The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.'" *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (quoting *Bauxites*, 456 U.S. at 703-05). *Accord McBee v. Delica Co., Ltd.*, 417 F.3d 107, 127 (1st Cir. 2005) ("Unlike subject matter jurisdiction under Article III, which goes to the fundamental institutional competence of the court and can be raised sua sponte at any time, personal jurisdiction is an individual liberty right and is therefore waivable . . . .") (citing *Bauxites*, 456 U.S. at 702-05). Appellant waived his personal-jurisdiction and due-process objections by waiting almost a year before moving to vacate. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Osborne*, 402 F.3d 626, 630 (6th Cir. 2005).[6] *See also United States v. Olano*, 507 U.S. 725, 733 (1993). In this case, by virtue of the second service, which counsel for appellant admitted was valid at oral argument, and which included both the complaint and the motion for a default judgment, appellant knew of his right to respond to both the complaint and the motion for a default judgment within the time allowed by the rules and by virtue of the summons included with the complaint. By choosing not to respond, to either the complaint or the motion for default judgment, when he was aware of his right to respond, appellant intentionally abandoned his right to respond. Thus, he waived his rights to respond to both the complaint and the motion for default judgment in this case.

III.

Following our review, we hold that the district court did not abuse its discretion in ruling that appellant did not file his motion within a reasonable time.[7] Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." In turn, Rule 60(b) provides,

> *On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons*: (1) mistake . . . ; (2) newly discovered evidence . . . ; (3) fraud . . . ; *(4) the judgment is void*; (5) the judgment has been satisfied . . . ; *or (6) any*

---

[6]In contrast, "forfeiture is the failure to make the timely assertion of a right." *Olano*, 507 U.S. at 733; *Osborne*, 402 F.3d at 630. Waiver appears to require knowledge of the right and intent to waive that right, either by action or omission. Appellant cannot be said to have forfeited his right to respond to the complaint and the motion because counsel for appellant admitted that he received good service as of July 21, 2003. If he received good service, including a summons, he knew of his right to respond to the complaint (and at any rate, he has never contested that he was unaware that he could have responded to the complaint). As such, appellant waived, rather than forfeited his right to respond.

[7]A motion seeking to vacate a judgment for lack of subject-matter jurisdiction might *not* be subject to a reasonable-time requirement. This is because, unlike objections to personal jurisdiction, objections to subject-matter jurisdiction may not be waived or forfeited.

> *other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time*, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . .

FED. R. CIV. P. 60(b) (emphasis added).

What constitutes a reasonable time depends on the facts of each case. *In re Abdur'Rahman*, 392 F.3d 174, 185 (6th Cir. 2004), *vac'd on other grounds*, – U.S. –, 125 S.Ct. 2991 (2005). "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). A trial court also abuses its discretion when we are left with the definite and firm conviction that its conclusion was a clear error of judgment. *In re Bever*, 300 B.R. 262, 264 (6th Cir. BAP 2003).

Appellant does not attempt to identify any good reason for not filing his 60(b)(4) motion until more than eleven months after he was properly served with the complaint and the default-judgment motion. *Cf. In re Martin*, 268 B.R. 168, 171-72 (Bankr. E.D. Ark. 2001) (affirming finding that 60(b)(6) motion was not filed within a reasonable time; "[o]f import is the fact that the debtor has made no explanation for her extreme delay in bringing this motion."), *aff'd*, 271 B.R. 333 (8th Cir. BAP 2002). Further, appellant could have appealed directly from the default judgment, and he provides no reason for failing to do so.[8] *See In re G.A.D., Inc.*, 340 F.3d 331, 337 (6th Cir. 2003) ("A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.").[9]

Thus, appellant provides no basis for us to conclude that the district court abused its discretion in finding that he did not file his motion within a reasonable time.

IV.

Appellant also contends that the judgment must be vacated because of a due-process violation that is separate and distinct from the alleged lack of personal jurisdiction. Appellant points out that the district court entered judgment just two days after he was first properly served with the complaint, summons, and default-judgment motion. Appellant correctly points out that this deprived him of two periods allotted by the rules: twenty days to answer or otherwise respond to the complaint under FED. R. CIV. P. 12(a)(1)(A), and thirty days to file a response to a dispositive motion under N.D. OHIO L. CIV. R. 7.1(d). This is a non-jurisdictional due-process objection.[10]

We assume arguendo that entry of judgment under these circumstances violates due process. But this does not mean, as appellant would have it, that the judgment was void ab initio. As the Michigan courts have cautioned,

> Care should also be taken not to confuse "void" judgments with those which are merely "voidable". Certain procedural irregularities, not amounting to lack of

---

[8] Appellant did not raise the failure to comply with the separate judgment requirement in either the district court or on appeal.

[9] Indeed, appellant could have filed both a notice of appeal with this court and a Rule 60(b)(4) motion in the district court. *See Moore v. Simpson*, No. 3:99CVP745R, – F. Supp. 2d –, 2006 WL 83438, at *2 n.1 (W.D. Ky. Jan. 11, 2006) (citing *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976)).

[10] *Cf. Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 518-19 (6th Cir. 2006) (Supreme Court has unanimously held that time limits in FED. R. BANKR. P. 4004 and 9006 and FED. R. CRIM. P. 33 are mere "claim-processing rules" that do not implicate jurisdiction) (citing *Eberhart v. United States*, – U.S. –, 126 S.Ct. 403, 407 (2005) (*per curiam*) and *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)), reh'g and reh'g en banc denied (April 11, 2006).

jurisdiction over the person or subject matter, are sometimes characterized as making a judgment "voidable". This means that these judgments may be set aside upon a *timely* application in the same proceedings as a matter of judicial discretion.

*Abbott v. Howard*, 451 N.W.2d 597, 599 (Mich. App. 1990) (workers-compensation award against employer's alleged principal was voidable, but not void, because of failure to give the principal notice of the compensation hearing, where the Bureau of Workers Compensation had jurisdiction over both the subject matter and the principal) (emphasis added).

Likewise, the non-jurisdictional due-process violation alleged by appellant – disregarding response times set forth in the local civil rules and the Federal Rules of Civil Procedure – rendered the instant judgment merely *voidable* as to appellant. As we have held, "[i]n the interest of finality, the concept of void judgments is narrowly construed." *Hooks v. Hooks*, 771 F.2d 935, 949 (6th Cir. 1985). Accordingly, "only judgments that show a jurisdictional defect on the face of the record are classified as void judgments." *Id.*; *see also Home Life Ins. Co. v. Cohen*, 270 N.W. 256, 257 (Mich. 1939) ("If the irregularity . . . arises from the failure to comply with rules of procedure, a court has the power to vacate its *voidable* decree.") (emphasis added).[11] *Cf. Ball v. United States*, 163 U.S. 662, 669-70 (1896) ("[A]lthough the indictment is fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error.").

Accordingly, appellant had the responsibility of convincing the district court to vacate the judgment, or else it would remain in force and subject to execution. *Cf. Beebe v. United States*, 161 U.S. 104, 115 (1896) ("[I]n respect of an execution issued on a judgment confessed prematurely . . . the execution may be erroneous and irregular, [but] it must be respected and enforced until vacated by motion to quash . . . .").

Moreover, after the passage of a "reasonable time," *see* FED. R. CIV. P. 60(b), a judgment-debtor's failure to press such a non-jurisdictional due-process objection to the judgment waives the objection. *Cf. Beebe*, 161 U.S. at 115 ("[I]t is the duty of the party seeking to take advantage of irregularities or defects of this character to move with proper diligence, at the earliest opportunity.") (quoting *Stewart v. Stocker*, 1825 WL 1981 (Pa. 1825)), *quoted in Benton v. Maryland*, 395 U.S. 784, 797 (1969); 7 MICH. PLEADING & PRAC. § 45:17 (Nov. 2005) ("A judgment may, and should, be vacated on *prompt* application if it appears that there has not been substantial compliance with a . . . court rule . . . .") (emphasis added).

Instead, appellant waited over eleven months before filing his motion to vacate, without any apparent justification or excuse for the delay. As the Supreme Court held in a similar context long before the advent of Rule 60(b), "[u]ndue laches is treated as a waiver of the right [to object to the judgment], and operates as an irrevocable renunciation of it." *Beebe*, 161 U.S. at 115.

## V.

For the foregoing reasons, we affirm the denial of appellant's Rule 60(b)(4) motion for relief from judgment on the ground that the district court did not abuse its discretion in ruling that the motion was not filed within a reasonable time.

---

[11] With regard to non-jurisdictional due-process objections to a judgment, the law of the forum state, Ohio, has been interpreted in accordance with this view as well. *See In re Thompson*, 273 B.R. 143, 144 (Bankr. S.D. Ohio 2001) ("Ohio law generally determines a judgment to be void only if it was rendered by a court that lacked jurisdiction over the subject matter or the parties. Because the state court did not lack jurisdiction to enter its . . . judgment . . . the judgment would not be void, but merely voidable. A voidable judgment is entitled to res judicata effect."); *In re Wilcox*, 229 B.R. 411 (Bankr. N.D. Ohio 1998) ("[E]ven though OHIO CIV. R. 17(b) requires the court to appoint a guardian ad litem for the protection of a minor in a civil proceeding, the failure of the court to comply with OHIO CIV. R. 17(b) does not make the judgment void, but merely voidable.").