**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0378n.06

No. 18-2287

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 24, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN P. KELMENDI, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DETROIT BOARD OF EDUCATION and DETROIT PUBLIC SCHOOLS, | ) | |
| | ) | |
| | ) | **OPINION** |
| **Defendants-Appellees.** | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and MURPHY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Nearly eleven months after the district court vacated John Kelmendi's award of front pay, he filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) to reinstate that award. The district court denied the motion. Although Kelmendi's brief may suggest that he now appeals the underlying judgment vacating his front-pay award, the only ruling he can timely appeal is the denial of his Rule 60(b)(6) motion. Because Kelmendi has not identified any extraordinary circumstances that justify relief, we **AFFIRM**.

## I. BACKGROUND

Kelmendi served as an administrator and, occasionally, a teacher in Detroit Public Schools ("DPS"). After he was passed over for a program-supervisor position, Kelmendi complained to the Equal Employment Opportunity Commission ("EEOC") that DPS did not select him for the position because of his age, sex, and national origin. R. 103 (Trial Tr. IV at 120–22) (Page ID

#2336–38). Then Kelmendi received a series of poor performance evaluations, which apparently led to later difficulties in finding work. R. 105 (Trial Tr. V at 45) (Page ID #2445). He again complained to the EEOC, claiming the poor evaluations were a retaliatory response to the prior discrimination claim. R. 103 (Trial Tr. IV at 126–28) (Page ID #2242–44). Eventually, Kelmendi sued DPS and the Detroit Board of Education (collectively, "Defendants"), alleging various discrimination and retaliation claims. *See* R. 25 (Second Am. Compl. at 8–14) (Page ID #216–22). The case went to a jury trial.

This appeal, however, centers on a narrow issue of procedure related to a post-judgment motion filed by Kelmendi concerning front pay. The district court, although sending to the jury the issue of the amount of front pay that might be owed to Kelmendi, nonetheless took the issue of the propriety of front pay under advisement. *See* R. 104 (Trial Tr. VII at 83) (Page ID #2338); *see also Arban v. W. Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003) ("While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court") (internal quotation marks omitted). The jury found for Defendants on the discrimination claims, but it found for Kelmendi on the retaliation claims. R. 97 (Verdict at 1–2) (Page ID #1836–37). The jury awarded $152,400 in front pay, along with $478,500 in other additional damages. *Id.* at 2–3 (Page ID #1837–38).

After the jury verdict, the district court returned to its concerns about the appropriateness of front pay and vacated the jury's front-pay award. *See Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2017 WL 1502626, at *8–11 (E.D. Mich. Apr. 27, 2017). (Meanwhile, the district court left intact the remainder of the jury's award and granted Kelmendi's motions for attorneys' fees

and for pre- and post-judgment interest. *Id.* at \*25–27.) Kelmendi did not appeal the district court's judgment on front pay. But nearly eleven months later, Kelmendi filed a motion pursuant to Rule 60(b)(6) to reinstate that award. R. 153 (Rule 60(b)(6) Mot.).

The district court denied that motion. R. 155 (Dist. Ct. Order at 3–4) (Page ID #3443–44). This time, Kelmendi timely appealed.

## II. RELIEF UNDER RULE 60(b)(6) IS NOT JUSTIFIED

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for" several listed reasons or, as relevant here, for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6), then, "is a catchall provision," and a court should grant relief under this Rule "only in exceptional or extraordinary circumstances where principles of equity mandate relief . . . ." *See Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (internal quotation marks omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment" (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950))).

We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978). "In the Rule 60(b)(6) context, this discretion is especially broad due to the underlying equitable principles involved." *Miller*, 879 F.3d at 698 (internal quotation marks omitted). Importantly, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder*, 434 U.S. at 263 n.7.

A reader of Kelmendi's brief, however, may well think that he seeks to "bring up the underlying judgment for review" rather than the denial of his Rule 60(b)(6) motion. *Id.* That is so because Kelmendi does not cite this Rule in the argument portion of his brief, and indeed he develops no arguments for why his case involves the sort of "exceptional or extraordinary circumstances" that justify Rule 60(b)(6) relief. *See Miller*, 879 F.3d at 698. Instead, his arguments solely relate to purported errors in legal reasoning made by the district court in its handling of the front-pay issue. Those sorts of arguments should have been made in an appeal filed within the thirty-day window following the entry of judgment—a time that has long since passed. *See* FED. R. APP. P. 4(a)(1)(A). As the district court aptly observed, Kelmendi is essentially attempting "to avoid the consequences of [his] decision not to appeal the [district court's] ruling on front pay, something Rule 60(b) does not permit." R. 155 (Dist. Ct. Order at 4) (Page ID #3444); *see also Ackermann*, 340 U.S. at 198 ("Petitioner made a considered choice not to appeal . . . . Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."); *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983) ("A motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision . . . to forego an appeal from an adverse ruling") (citation omitted).

Rule 60(b)(6) calls for different arguments. As we explained in *Tanner v. Yukins*, "[t]he rule contemplates situations where 'something more . . . is present' than those situations contemplated by the other clauses in the rule. 'The 'something more,' . . . must include unusual

and extreme situations where principles of equity *mandate* relief.'" 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). In this case, Kelmendi must also show something more than purported errors in the district court's legal reasoning in the opinion accompanying the underlying judgment—he had notice of those errors (if any) almost eleven months before his Rule 60(b)(6) motion. *Cf. Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) ("Appellant does not attempt to identify any good reason for not filing his 60(b)(4) motion until more than eleven months after he was properly served with the complaint and the default-judgment motion"). Kelmendi offers no reason for his delay. *See* FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time"). Nor does he offer equitable arguments about why the judgment should be reopened.

The most generous gloss (perhaps an overly generous gloss) on Kelmendi's brief is that he argues he suffers from a risk of injustice because he did not receive reinstatement or front pay. *See Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (listing "the risk of injustice to the parties" as one factor to consider in the Rule 60(b)(6) analysis) (citation omitted).[1] Though true that "[c]ourts generally award front pay when reinstatement is inappropriate or infeasible," *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996), even if reinstatement is not sought, a plaintiff is "not automatically entitled to an award of front pay." *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993). A district court, moreover, has "flexibility and wide discretion" when

---

[1]Consistent with the absence of arguments relating to what this appeal actually concerns, i.e., the Rule 60(b)(6) motion, Kelmendi's counsel does not make this argument in the one brief that he filed (counsel did not file a reply brief). Nonetheless, we will give Kelmendi the benefit of the doubt and address the issue because the brief gestures toward this argument, though again, it is framed as an error in legal reasoning by the district court on front pay—not as a "risk of injustice" that might warrant Rule 60(b)(6) relief. *See* Appellant Br. at 15–16, 23.

determining whether an award of front pay is appropriate. *See West v. Tyson Foods, Inc.*, 374 F. App'x 624, 641 (6th Cir. 2010) (quoting *Shore v. Fed. Express Corp.*, 42 F.3d 373, 378 (6th Cir. 1994)). Here, the district court provided reasons why it concluded that front pay was not appropriate, *see Kelmendi*, 2017 WL 1502626, at *8–11, and with pre- and post-judgment interest, Kelmendi still received over $500,000 for his retaliation claims, *see* R. 155 (Dist. Ct. Order at 1) (Page ID #3441). (We pass no judgment, however, on the district court's reasoning and conclusion on front pay.) We simply cannot say that this case presents the sort of risk of injustice that could warrant Rule 60(b)(6) relief.

## III. CONCLUSION

At bottom, Kelmendi points to *nothing*, and we see nothing, that indicates this case comes close to presenting the circumstances that warrant Rule 60(b)(6) relief. Accordingly, we **AFFIRM**.