ELECTRONIC CITATION:  2009 FED App. 0008P (6th Cir.)
File Name:  09b0008p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:   DAVID D. BROWN and )
          JACQUELINE M. BROWN, )
         )
          Debtors. )
         )
_____ )
         )
J. JAMES ROGAN, TRUSTEE, )
         )
          Appellant, )
         )
        v. )   No. 09-8007
         )
COUNTRYWIDE HOME LOANS, INC., )
         )
          Appellee. )
_____ )

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 07-51329; Adversary Case No. 08-5076

Argued:  August 18, 2009

Decided and Filed:  September 17, 2009

Before: BOSWELL, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Ryan R. Atkinson, ATKINSON, SIMMS & KERMODE, PLLC, Lexington, Kentucky, for Appellant.  Amanda P. Thompson, TAYLOR, THOMPSON & BRANNON, PLLC, Lexington, Kentucky, Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellee.
**ON BRIEF:** Ryan R. Atkinson, ATKINSON, SIMMS & KERMODE, PLLC, Lexington, Kentucky, for Appellant.  Amanda P. Thompson, TAYLOR, THOMPSON & BRANNON, PLLC, Lexington, Kentucky, Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellee.

---

## OPINION

---

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. In this appeal, J. James Rogan ("Trustee") seeks reversal of the bankruptcy court's order vacating a default judgment entered against Countrywide Home Loans, Inc. ("Countrywide") pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, we conclude that the bankruptcy court abused its discretion in vacating the default judgment, and reverse its order.

## I.   ISSUE ON APPEAL

The dispositive issue on appeal is whether the bankruptcy court abused its discretion in setting aside the default judgment against Countrywide pursuant to Federal Rule of Civil Procedure 60(b)(6) in the absence of a showing of "extraordinary circumstances."

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has  jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).

While the bankruptcy court's order vacating the default judgment was interlocutory, it became reviewable by this Panel when the bankruptcy court subsequently granted summary judgment in favor of Countrywide. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999) ("[A]n appeal from a final judgment generally brings up all prior interlocutory orders and rulings that were not reviewable until the entry of a final

judgment.")[1] The granting of relief under Rule 60(b)(6) is reviewed for an abuse of discretion. *Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 64 (B.A.P. 6th Cir. 2004). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL (In re Murray, Inc.),* 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008).

> An abuse of discretion is defined as a definite and firm conviction that the court below committed a clear error of judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*Mayor and City Council of Baltimore, Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002)(internal quotation marks and citations omitted).

## III.   FACTS

On March 19, 2007, David and Jacqueline Brown ("Debtors") executed a promissory note in the principal amount of $206,000 and granted First Liberty Financial Group, LLC ("First Liberty") a mortgage on real estate located at 721 Mill Ridge Road, Lexington, Kentucky 40514 to secure payment on the note. First Liberty subsequently assigned the note and mortgage to Countrywide. The mortgage was duly filed for record in the Fayette County Clerk's Office on March 29, 2007.

On July 12, 2007, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On June 23, 2008, the chapter 7 Trustee filed an adversary complaint against Countrywide in which he alleged that the mortgage was avoidable pursuant to 11 U.S.C. § 544(a).[2]

---

[1] Prior to the granting of summary judgment in favor of Countrywide, the Trustee filed a Notice of Appeal from the order vacating the default judgment. That appeal was dismissed on the grounds that it was interlocutory.

[2] The Debtors' signatures on the mortgage were witnessed and acknowledged by K. Michael Slaughter. The Trustee asserts that the acknowledgment on the mortgage was defective because Slaughter's notary bond did not contain a notarized statement from his surety as required by Kentucky Revised Statute § 423.010. Therefore, he asserts that pursuant to Kentucky law he may

The bankruptcy court issued summons to Countrywide ordering that it respond to the complaint within 30 days of the issuance of the summons, August 8, 2008.[3] The Trustee served Countrywide with the complaint and summons by certified mail on July 18, 2008. No response to the complaint was filed by Countrywide. The Trustee filed a motion for default judgment on August 11, 2008. The bankruptcy court entered a default judgment against Countrywide on August 12, 2008.

On October 6, 2008, fifty-nine days after its response to the Trustee's complaint was due, Countrywide entered an appearance in the adversary proceeding. On October 21, 2008, seventy-three days after its response was due, Countrywide filed a motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (4) and/or (6). In support of its motion, Countrywide asserted that pursuant to the Federal Rules of Civil Procedure, the default judgment was prematurely entered, that the Trustee would not be prejudiced if the default judgment were vacated, that it had a meritorious defense, and finally, that no culpable conduct of Countrywide led to the default. It asserted that its change of statutory agent "around the time" the complaint was served, "may have resulted in some delay in getting the Complaint properly routed in order to retain counsel . . . ." (J.A. at 94.) Countrywide did not offer evidence of *any* kind in support of its motion, nor did it allege any facts constituting "exceptional circumstances" which would entitle it to relief under Rule 60(b)(6).

On November 13, 2008, the bankruptcy court held a hearing on Countrywide's motion to vacate the default judgment. At the hearing, Countrywide abandoned any arguments it may have had for relief from the default under Rule 60(b)(1), and specifically stated that it was moving for relief under subsections (4) and (6) only. (J.A. at 262.) At the conclusion of the hearing, the bankruptcy court dismissed Countrywide's argument under subsection (4), and granted the motion pursuant to Rule 60(b)(6).[4] In so doing, the court stated:

---

avoid the mortgage as a bona fide purchaser because it is not recordable, and it failed to provide constructive notice.

[3] First Liberty and K. Michael Slaughter were also named as defendants. First Liberty timely answered the complaint. A default judgment was entered against Slaughter.

[4] Countrywide argued that pursuant to Rule 60(b)(4), the default judgment should be vacated as void because it was prematurely entered. Citing to Federal Rule of Civil Procedure 12(a)(1),

The Court will grant the motion to vacate the order under Rule 60(b)(6). I don't think 60(b)(4) applies. . . . Countrywide has not offered any particular reason why they can't seem to get their act together, didn't get their act together in this case. But, it does appear that there is a meritorious defense and maybe a winning defense. And there will not be prejudice to the plaintiff in this case because the case is ongoing.

And with respect to culpable conduct and whether or not that's applicable here, we just don't know. The switch of service of process agents may have, in fact, contributed to the problem that's before the Court today. But, I think it's a matter of, in this case, because the really driving concern is the question of the likelihood of a meritorious defense in this case.

(J.A. at 263-64.)

The bankruptcy court then entered summary judgment in Countrywide's favor upholding the validity and enforceability of its mortgage, and dismissing the Trustee's claims against all remaining

---

Countrywide asserted that it had twenty days after being served with the summons and complaint within which to file its answer, and that pursuant to Federal Rule of Civil Procedure 5(b), service was complete upon mailing of the complaint. (In fact, under Federal Rule of Bankruptcy Procedure 7012, the time period for serving the defendant's answer is within *30* days of the *issuance* of the summons.) Additionally, because the service was accomplished by mail, an additional three days are to be added to the prescribed 20 days. Fed. R. Civ. Proc. 6(e). Therefore, Countrywide asserted that it had until August 11, 2008, to respond to the Trustee's complaint, and because the Trustee had "improperly filed his Motion for Default Judgment against [Countrywide] on August 11, 2008 . . . the proper time period for [Countrywide] to answer the Complaint was improperly shortened." (J.A. at 85.)

The default judgment was not, however, entered until August 12, 2008, after Countrywide's time period to respond had expired. Additionally, Countrywide did not move to vacate the default judgment pursuant to Rule 60(b)(4) until 72 days after it was entered. No explanation for this delay was even attempted by Countrywide. "Rule 60(b) plainly states that a motion seeking relief from a final judgment must be filed 'within a reasonable time.' FED. R. CIV. P. 60(b)." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903 (6th Cir. 2006). Unlike subject matter jurisdiction, personal jurisdiction and due process objections can be waived by a party's failure to timely act. *Id*. at 905. Even if we were to assume that the timing of the default judgment violated due process, the judgment would be merely voidable, not void, and could be set aside upon timely application to the court. *Id*. at 906-07. In any event, Countrywide abandoned its argument under subsection (4) before this Panel as it did not address it in its brief, and counsel for Countrywide confirmed at oral argument that Countrywide sought relief here under Rule 60(b)(6) only.

defendants.[5]  The Trustee's timely appeal of both the order granting summary judgment, and the order vacating the earlier default judgment followed.

## IV.    DISCUSSION

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, sets forth six reasons that justify granting relief from a final judgment or order:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[5] The Trustee and First Liberty filed cross motions for summary judgment prior to Countrywide filing its motions for partial summary judgment.  No hearing was held on the motions and the judgment granting Countrywide's summary judgment dismissed the claims against First Liberty.

As the party seeking to invoke Rule 60(b), Countrywide bears the burden of establishing that its prerequisites are satisfied. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). It is significant that Countrywide abandoned its arguments under 60(b)(1) and 60(b)(4) because, while Rule 60(b)(6) authorizes a court to grant relief from a judgment for "any other reason that justifies relief," such relief is applied "'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also, Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393, 113 S. Ct. 1489 (1993); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Further, Rule 60(b)(6) is applied only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294. That "'something more', then, must include unusual and extreme situations where principles of equity mandate relief" coupled with a showing that if relief is not granted extreme and undue hardship will result. *Olle*, 910 F.2d at 365; *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006).

In evaluating Countrywide's motion for relief from the default judgment, rather than determine whether "extraordinary circumstances" justifying relief under Rule 60(b)(6) existed, the bankruptcy court applied the factors to be considered when a defendant invokes 60(b)(1). *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (factors to be considered under 60(b)(1) are whether culpable conduct of the defendant led to the default, whether the defendant has a meritorious defense, and whether the plaintiff will be prejudiced). Clause (6) and clauses (1) through (5) of Rule 60(b) are, however, mutually exclusive. *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991). Countrywide did not, in fact, present a valid basis for relief under Rule 60(b)(6). Countrywide contends that the bankruptcy court correctly granted relief because:

> It would be an exceptional circumstance to allow the Trustee to obtain default judgment against [Countrywide], which extinguishes [Countrywide's] property interests, based upon claims that have been previously decided against this same Trustee in the same Court

below. It is reasonable that the Bankruptcy Court would invoke its discretion in providing relief to [Countrywide] under Rule 60(b)(6) to accomplish justice, and allow the case to proceed on the merits in light of the defenses presented by [Countrywide].

(Appellee's Br. at 16.) The existence of a meritorious defense, and the avoidance of Countrywide's mortgage, simply do not present the exceptional circumstances required for relief under Rule 60(b)(6). Countrywide did not offer *any* evidence in support of its motion for relief. Nor did Countrywide allege any facts demonstrating "unusual or extreme circumstances," or how "extreme and undue hardship" would result from failure to vacate the default judgment, or any other facts which would trigger relief under Rule 60(b)(6). Thus, in the absence of any such evidence, the bankruptcy court abused its discretion in setting aside the default judgment pursuant to Rule 60(b)(6).

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court setting aside the default judgment against Countrywide is REVERSED, and the order granting summary judgment in favor of Countrywide is VACATED.